STEPHEN COLEMAN, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Upon a criminal trial where guilty knowledge is an ingredient of the offence charged, to prove this, evidence of other acts of a like character may be given where they are necessarily connected with that which is the subject of the prosecution, either by some connection of time or place, or as furnishing a clue to the motive on the part of the accused.

Upon the trial of an indictment for receiving stolen goods, with knowledge, evidence of a stealing from the same owners of similar goods by the same persons, from whom the accused is charged with having received the goods in question, and of a purchase thereof by the accused for a very inadequate price, or with knowledge that they were stolen but a short time prior to the transaction in question, is proper to prove the *scienter*.

So, also, evidence of the declarations of the accused as to matters within his knowledge or of which he may be presumed to have knowledge, and which are relevant and material to the inquiry.

Plaintiff in error was indicted for receiving five bars of pig-iron March 3, 1873, knowing them to have been stolen. Upon the trial the district attorney, in his opening, stated that he would seek to prove and ask a conviction for receiving five bars on the evening of March 10th. One of the prosecutors, in answer to a question as to how his attention was drawn to a loss of pig-iron by his firm, stated, that on the morning of March 10th he saw five bars of their iron in front of the prisoner's store, stolen the night before. No attempt was made to show that this iron had come to the possession of or had been received by the prisoner, and the district attorney declared that he did not so claim. Evidence was then offered of a search for and discovery of iron alleged to have been stolen on a prior occasion and received by the prisoner. This was objected to on the ground that the prosecution having given evidence to prove one offence, could not prove and claim a conviction for another. The objection was overruled. *Held*, no error.

*It seems*, that on a criminal trial especially, where incompetent evidence is received against the accused, the judgment will be reversed unless the error is shown conclusively to be innoxious. It is not enough that the court sitting in review are of the opinion the result may and proba-

bly would have been the same had the objectionable evidence been excluded.

(Argued September 30, 1874; decided November 10, 1874.)

ERROR to the General Term of the Supreme Court in the fourth judicial department, affirming a judgment of the Court of Sessions in and for the county of Monroe, convicting plaintiff in error of the crime of receiving stolen goods, knowing them to have been stolen. (Reported below, 4 N. Y. S. C. [T. & C.], 61; 1 Hun, 596.)

The indictment charged, in substance, the stealing of five bars of pig-iron March 3d, 1873, by two boys named, and the receipt thereof by plaintiff in error, with knowledge, etc. The district attorney, in opening the case to the jury, stated that the receiving would be shown to have been March 10th, 1873, instead of March third, as alleged.

Patrick Burke, one of the firm of Burke & Co., from whom the iron was alleged to have been stolen, was asked how his attention was drawn to the loss of pig-iron by his firm, answered, in substance, that when he got to his foundry on the morning of March eleventh he was advised that some boys had been seen taking iron from the yard; that he went out and found five bars of their iron lying on the sidewalk in front of the prisoner's store, which adjoined their yard; that he went in and asked the prisoner how the iron came there, who replied that he did not know any thing about it, and that witness could take it if it was his; that the witness marked some iron with chalk that evening and on the next morning (the twelfth) found a portion of it out on the walk; that he searched the prisoner's premises and found in the cellar, under the stairway, a large quantity of pig-iron, some of which he identified as their's mixed with other brands. Evidence was offered by the prosecution of the receiving of five bars on the Monday preceding that on which the five bars were found on the walk. The prisoner's counsel objected to any proof in respect to any other iron except the five bars and the eleven bars found on the walk. The district attorney

Statement of case.

stated he expected to prove that the five bars mentioned in the indictment were mixed with the iron in the cellar, and that he did not claim that the five bars or the eleven bars ever went into the cellar. The objection was overruled and the prisoner's counsel excepted. The witness then testified to a search of the prisoner's premises and the finding of a large quantity of pig-iron in the cellar, under the stairs, a portion of which the witness identified as belonging to his firm; this was mixed with other iron. Evidence was then given of the stealing of a number of bars of iron on the Monday evening previous, and a delivery and receipt thereof by the accused, and also of a large number of bars previously stolen. The statements of the accused at the time of the receipt of this iron, tending to show knowledge on his part that the iron was stolen, were received under objection.

This iron was stolen and delivered by a number of boys acting in concert. Evidence of the stealing of other similar iron from Burke & Co. and delivery to the accused, of the conversations had at the time and the prices paid, was received under objection; also declarations of the accused as to where he procured the iron and the purpose for which it was intended, which declarations were afterward proved to be untrue.

Other facts appear in the opinion.

*J. C. Cochrane* for the plaintiff in error. It was error for the district attorney to give evidence in regard to an offence other than that charged in the indictment. (*People* v. *Hopson*, 1 Den., 574; 1 Greenl. on Ev., §§ 52, 448.) The testimony of Gardner was incompetent. (*People* v. *White*, 14 Wend., 111.) The fact that the accused, on his examination as a witness at the police office, testified that he did not recognize the boys from whom he purchased the iron, who were present, was not evidence of guilt. (*People* v. *Kennedy*, 32 N. Y., 141.) If the court can see that the incompetent evidence may have prejudiced the accused, the judgment should be reversed and a new trial granted.

(*Anderson* v. *R.*, *W. and O. R. R. Co.*, 54 N. Y., 334 ; *Baird* v. *Gillett*, 47 id., 186 ; *Worrall* v. *Parmalee*, 1 id., 519 ; *Starin* v. *People*, 45 id., 341 ; *Ross* v. *Ackerman*, 46 id., 210 ; *Osgood* v. *Manhattan Co.*, 3 Cow., 612 ; *Margrand* v. *Webb*, 16 J. R., 89 ; *Rosenwerg* v. *People*, 63 Barb., 635 ; *People* v. *Haynes*, 38 How., 369 ; *People* v. *Pierpont*, 1 Wheel. Cas., 138–181 ; 1 City Hall Rec., 96 ; 1 Greenl. on Ev., §§ 51, 52, 448 ; *People* v. *Hopson*, 1 Den., 574 ; *Cary* v. *Hotailing*, 1 Hill, 316 ; *Hall* v. *People*, 6 Park., 671.)

*Geo. Raines*, district attorney, for the defendants in error. It was competent to show other iron of the prosecutors in the possession of the accused. (*Rex* v. *Ellis*, 6 B. & C., 145.) Proof of statements made by the accused in the cellar, when the pile of iron with which the iron mentioned in the indictment was mixed was discovered, was competent. (*Reg.* v. *Mansfield*, C. & M., 140.) All the facts connected with the stealing of and selling to Coleman of Burke & Co.'s pig-iron that night were competent to show that those bars were stolen. (*Reg.* v. *McCarty*, 2 C. & K., 379 ; 1 Den. C. C., 453 ; *Reg.* v. *Weeks*, L. & C., 18 ; *Osborne* v. *People*, 2 Park., 583 ; *Rex* v. *Ellis*, 6 B. & C., 145 ; 2 Cox C. C., 171, 243, 379 ; 5 id., 138 ; 11 id., 234 ; *Reg.* v. *Cobden*, 3 F. & F., 833 ; 4 id., 76 ; *People* v. *Rands*, 3 Park., 336 ; *People* v. *Copperman*, Gen. T., First Dep. ; *People* v. *Coleman*, Ct. App. Opin. ; *Rex* v. *Dunn*, 1´ Moody, 146 ; *Rex* v. *Davis*, 6 C. & P., 171 ; *Reg.* v. *Nichol*, 1 F. & F., 51 ; *Reg.* v. *Foster*, 2 E. L. and Eq., 548 ; *Wood* v. *U. S.*, 16 Pet., 360 ; *Comrs.* v. *Jenkins*, 76 Mass., 485 ; 2 Russell on Crimes [3d ed.], 252, 776 ; Roscoe's Cr. Ev., 876 ; 3 Greenl. Ev., 15.)

ALLEN, J. The plaintiff in error was convicted in the Court of General Sessions of Monroe county, of the crime of receiving stolen goods, knowing them to have been stolen, and from the judgment of the Supreme Court affirming the conviction error is brought to this court. The objection that the prosecution having given evidence tending to prove one

offence could not be permitted to prove another under the indictment, and as the foundation for a conviction, is untenable. The district attorney had announced, in his opening address to the jury, that he should seek to prove and ask a conviction for receiving five bars of pig-iron on the evening of the 10th of March, 1873, and the evidence concerning that alleged to have been stolen during the night of that day and found on the sidewalk in front of the store of the accused, on the morning of the eleventh of March, came out incidentally and without objection, in answer to an inquiry to the witness under examination, one of the owners of the property alleged to have been stolen, as to how his attention was drawn to the loss of pig-iron by his firm. It was not given as evidence in chief, and with a view to convict for receiving that iron, but as preliminary to proof of the search for and discovery of that alleged to have been stolen on a prior occasion and received by the accused on the preceding evening. No attempt was made then or at any subsequent stage of the trial to show that the iron found on the sidewalk had come to the possession of, or been received by the accused; on the contrary, the district attorney expressly declared that he did not claim that it ever was in his possession.

Passing for the present two or three exceptions to the admission of evidence, the residue of the fifty taken by the accused, upon the trial, can be classified under two general heads: First, exceptions to the admission of evidence of other transactions of like character to that under investigation; and, secondly, to the admission of evidence of the declarations of the accused as to his dealings in iron of the character and description of that for the receiving of which he was on trial, and the testimony of witnesses tending to prove the falsity of those declarations.

The question as to the admissibility of evidence coming within the first class of exceptions, was considered by this court in *Coleman* v. *People* (55 N. Y., 81) and *Copperman* v. *People* (MS. opinion of Chief Judge CHURCH). * In both,

* 56 N. Y., 591.

the rule is recognized as well established, that in cases like the present, where guilty knowledge is an ingredient of the offence charged, the same may be proved as other facts are proved, by circumstantial evidence, and that other acts of a like character, although involving substantive crimes, may be given in evidence to prove the *scienter*. The principal limitation of the rule is, that the criminal act which is sought to be given in evidence, must be necessarily connected with that which is the subject of the prosecution, either from some connection of time and place, or as furnishing a clue to the motive on the part of the accused.

In this case, the transactions in respect to which evidence was given were all intimately connected in point of time, place and circumstance with that for which the accused was indicted, so that they formed a continuous series of transactions, each throwing light upon the other, upon the question of knowledge, intent and motive. The evidence was of a stealing, by the same persons from whom the accused was charged with receiving the iron mentioned in the indictment, from the same owners and prosecutors, of iron of a similar description and like kind, but a short time before the transaction under investigation, and the purchase of the iron by the accused for a very inadequate price, and, if the evidence was believed, with actual knowledge that the iron was stolen. Within all the cases the evidence was competent. (1 Phil. Ev., by Edw., 767, 768, and note, 207; Roscoe's Cr. Ev., 92; *Rex* v. *Davis*, 6 C. & P., 177; *People* v. *Hopson*, 1 Den., 574; *Rex* v. *Ellis*, 6 B. & C., 145; 1 Greenl. Ev., § 53.)

The declarations of the accused and the other evidence reached by and included within the other class of exceptions were clearly admissible. The declarations of a party to a civil or criminal procedure, in respect to matters within his own knowledge, or of which he may be presumed to have knowledge, and relevant to the issue, are always competent against him. The character and extent of the business and dealings of the accused in pig-iron of the character and general appearance of that alleged to have been feloniously

received by him, was material to the inquiry as among the circumstances bearing upon the question of *scienter*, and his integrity in the purchase and receipt of that alleged to have been stolen.  If unsatisfactory, or fabricated and false statements were made by him in accounting for the possession of, and mode of storing and dealing with, the iron found in his possession; if false statements were made by him as to the person from, or for whom, or purposes for which he bought such iron, it would be a strong circumstance for the prosecution, as showing a consciousness of wrong, tending to show *mala fides* and a knowledge by the accused of the manner in which his patrons and clients acquired the property.  (1 Phil. Ev., by Edw., 601; *Reg.* v. *Mansfield*, 1 C. & M., 140.)

We have carefully examined the other exceptions, but do not find any that were well taken.  The rulings of the court upon the admission and rejection of evidence of which the plaintiff in error now complains were right, and the questions raised by the objections and exceptions of the accused were properly disposed of.  Had incompetent evidence been admitted by the court against the objection of the plaintiff in error, it would have been cause for a reversal of the conviction.  We cannot concur in the views of the Supreme Court, as expressed in the prevailing opinion, that if any error was committed it did not prejudice the party on trial, and that the result would have been the same if the evidence objected to had been excluded.  The rule undoubtedly is, that when a fact is conclusively proved, by competent evidence, so that the court can see that no prejudice or injury could possibly have resulted from the admission of incompetent evidence to prove the same fact, its admission will not be cause for interfering with the result or reversing a judgment; but the rule is to be cautiously applied, especially in criminal cases. ( *Williams* v. *Fitch*, 18 N. Y., 546; *People* v. *White*, 14 W. R., 111; *Erben* v. *Lorillard*, 19 N. Y., 299.)  The true rule and the only rule that can be sustained upon principle is, that the intendment of law is, that an error in the admission of

evidence is prejudicial to the party objecting, and will be ground for the reversal of the judgment unless the intendment is clearly repelled by the record. The error must be shown conclusively to be innoxious. (*Vandevoort* v. *Gould*, 36 N. Y., 639 ; *People* v. *Gonzales*, 35 id., 49.) It is not enough that the court sitting in review of the judgment may be of the opinion that the result ought to, and probably would, have been the same if the objectionable evidence had been excluded, and especially ought not such a presumption avail to cure an error upon a criminal trial. In the case at bar the principal witnesses to establish the crime and prove guilty knowledge, and the circumstances from which the jury might infer a guilty knowledge, were the thieves by whom the iron was stolen. They were thoroughly impeached by their own testimony, and many of their statements were highly improbable as they are spread out and appear on the record. They were not entitled to credit except as they were corroborated by other credible testimony, and the circumstances of the case as proved to the satisfaction of the jury. In a case depending for its chief support upon evidence of this character, and upon circumstantial evidence, it is impossible to say that any of the evidence objected to may not have affected the result. But for the reason that the evidence objected to was technically competent and properly admissible, the conviction must be affirmed.

All concur.

Judgment affirmed.