ELLA KAUFFMAN AND OTHERS, PLAINTIFFS IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Abduction — chap. 105 of 1848 — Chaste character of female — how proved — Counts in indictment — joinder of — Election — when compelled.*

Upon the trial of an indictment, under chapter 105 of 1848, for inveigling, enticing or taking away "any unmarried female of previous chaste character, under the age of twenty-five years," for the purpose of prostitution, the actual personal chastity of the female must be shown, and evidence as to her general reputation in that respect is inadmissible.

*Quære,* whether a, count for inveigling and taking away an unmarried female of previous chaste character, etc., and a count for taking a woman unlawfully against her will and by force to be defiled, can be united in one indictment, and whether, in such case, the district attorney should be made to elect under which count he will proceed.

WRIT of error to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the plaintiff for the abduction of one Selma Betham.

*John O. Mott,* for the plaintiffs in error.   The court committed an error in allowing the prosecution to give evidence of the character for chastity of the prosecutrix; no evidence having been offered to impeach the chastity of the prosecutrix by the defendants. (*People* v. *Hulse,* 3 Hill, 309–314; *People* v. *Gay,* 7 N. Y., 378; S. C., 1 Parker [C. R.], 308; *People* v. *Kenyon,* 5 id., 254–285; *People* v. *Kenyon,* 26 N. Y., 203–207; *Carpenter* v. *People,* 8 Barb. [S. C.], 603–607.)   Evidence of general reputation of the girl's want of chastity is inadmissible.   Previous chaste character, in this statute, means actual personal virtue, not reputation; and can be

impeached only by specific proof of lewdness. (*Kenyon* v. *People*, 26 N. Y., 203–207; *People* v. *Kenyon*, 5 Park., 254–285; *Carpenter* v. *People*, 8 Barb., 603–607.) The court erred in not requiring the district attorney to elect upon which count in the indictment he claimed a conviction. The first count charges a felony, and the second a misdemeanor. (*State* v. *Fowler*, 8 Fost. [N. H.], 184; *State* v. *Lincoln*, 49 N. H., 465; 1 Bish. Cr. Pro., §§ 205–213; *State* v. *Porter*, 26 Mo., 201; *Hampton* v. *State*, 8 Humph. [Tenn.], 69; *McGregg* v. *State*, 4 Blackf. [Ind.], 101; *Baker* v. *State*, 4 Pike [Ark.], 56; *Kane* v. *State*, 8 Wend., 203; *U. S.* v. *Pirates*, 5 Wheat., 201; *State* v. *Canterbury*, 28 N. H., 216; *State* v. *Fly*, 26 Me., 312; *State* v. *Marvin*, 35 N. H., 26; Whart. Cr. Law, 204–207; 1 Arch. Cr. Pl., 95; *Reg.* v. *Davis*, 3 F. & F., 19; *Rex* v. *Trueman*, 8 B. & C., 127; *Reg.* v. *Barry*, 4 F. & F., 389; *Reg.* v. *Burch*, id., 407; *In re Murphy*, 8 C. & P., 297; *Rex* v. *Bretton*, 1 M. & R., 297; *O'Connell's Case*, 11 C. & F., 347; *King* v. *Roberts*, Carth., 226; *King* v. *Clendon*, 2 Ld. Raym., 1572; 2 Str., 870; 2 Sess. Cas., 24; *Rex* v. *Benfield*, 2 Burr.; *Young* v. *King*, 3 T. R., 105; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y., 559.)

*Benj. K. Phelps*, for the defendants in error. The motion to require the prosecutor to elect is addressed to the discretion of the court, and not reviewable on error. (*People* v. *Baker*, 3 Hill, 159; *Young* v. *The King*, 3 Term. R., 603; *Kane* v. *The People*, 8 Wend., 211; *People* v. *White*, 55 Barb., 606.) But if it were reviewable, the refusal was correct. It was evident that the two counts referred to the same transaction, and were framed to meet the proof as it might be developed. In such a case the prosecutor should not be compelled to elect. (*Kane* v. *The People*, *supra*; *People* v. *Wright*, 9 Wend., 193; *People* v. *Costello*, 1 Denio, 83; *People* v. *Rynders*, 12 Wend., 425; *People* v. *Baker*, *supra*; *People* v. *Anderson*, 2 Wheel. Cr. Cas., 361.) In this State there is no objection to a conviction for a misdemeanor upon an indictment for a felony, and therefore there can be no objection to a count for a misdemeanor. (*People* v. *Jackson*, 3 Hill, 92; *People* v. *White*, 22 Wend., 177; 1 Bish. Crim. Pr., § 446; 2 Colby's Crim. Law, 122; Whart. Rec. of Indict., 13–195; *O'Leary* v. *The People*, 4 Park. Cr. Cas., 187.) At any rate the objection is not good to such an extent as to interfere

with the verdict, for at most it addressed itself to the discretion of the court. (*Commissioner* v. *McLaughlin*, 12 Cush., 612; *State* v. *Sutton*, 4 Gill, 494; *Reg.* v. *Jones*, 8 C. & P., 776; 2 Moody, 94; *State* v. *Lincoln*, 49 N. H., 464.)

DAVIS, P. J.:

The indictment in this case contained two counts. The first count was upon a section of the Revised Statutes as modified by chapter 212 of the Laws of 1865, which, so far as applicable to this case, is in these words:

§ 24. Every person who shall take any woman unlawfully against her will, and by force, menace or duress compel her * * * to be defiled, and shall be thereof duly convicted, shall be punished by imprisonment in the State prison not less than five nor more than twenty years. (2 R. S., 663 [Edm. ed.], § 24.)

The second count is upon the act to punish abduction as a crime (chap. 105 of the Laws of 1848, § 1), which is in these words: "Any person who shall inveigle, entice or take away any unmarried female of previous chaste character, under the age of twenty-five years, from her father's house, or wherever else she may be, for the purpose of prostitution, at a house of ill-fame, assignation or elsewhere, and every person who shall aid or assist in such abduction for such purpose shall be guilty of a misdemeanor, and shall, upon conviction thereof, be punished by imprisonment in a State prison not exceeding two years, or by imprisonment in a county jail not exceeding one year; provided that no conviction shall be had under the provisions of this act, on the testimony of the female so inveigled or enticed away, unsupported by other evidence, nor unless an indictment shall be found within two years after the commission of the offense."

The crime charged in the first count is a felony of very high grade, the least punishment of which on conviction is five years imprisonment in the State prison. The offense charged in the second count is declared by the statute itself to be a misdemeanor, and its punishment is imprisonment in the State prison not exceeding two years, or imprisonment in the county jail not exceeding one year. These crimes are not only created by different statutes, but are obviously distinct and independent in their character. In this case both counts were based upon the same transaction, the object of the

pleader being to so describe the same offense that a conviction might be had upon either of the counts which the jury should find to be sustained by the evidence.

At the close of the case on the part of the people, the counsel for the plaintiff in error moved the court that the district attorney should be put to an election upon which count he would ask for a conviction. This motion was denied, and the counsel for the plaintiffs in error excepted. At the close of the evidence on both sides, and before the summing up, the counsel again moved that the court direct the district attorney to elect upon which count he would ask for a conviction. This motion was also denied, and an exception taken. The case was submitted by the court to the jury on both counts, and the jury convicted the prisoner on the first count.

The essential elements of the two crimes charged in the indictments are entirely different in some material respects. Under the first count the woman must be shown to have been taken unlawfully, against her will, and by force, menace or duress compelled to be defiled. Under the second count the woman must be an unmarried female, of *previous chaste character*, under the age of twenty-five years, and must be shown to have been inveigled, induced or taken away from her father's house, or wherever else she may be, for the purpose of prostitution, at a house of ill-fame, assignation or elsewhere; and the proviso of the statute declares that no conviction shall be had on the testimony of the female so inveigled, unsupported by other evidence. The felony under the first count requires proof of an unlawful taking against the will, and, of course, involves some degree of force, used by means of personal violence or menace. It requires also compulsory defilement by force, menace or duress, and the punishment might have been under the statute when first enacted, for the full term of life. The second offense does not require any degree of force in the taking away, but simply inveiglement and enticement, which may be shown by proof of mere persuasion without violence. It requires proof that the female so taken is under the age of twenty-five years and of previous chaste character, and that the taking was for the purpose of prostitution. No evidence of actual prostitution is necessary; and of course the elements of force, duress or menace are not necessarily involved in the crime.

On the trial under this indictment, the people, to secure the conviction upon the second count, must necessarily have given evidence of the previous chaste character of the female. That evidence was altogether immaterial so far as relates to an element of the crime under the first count, and on the trial under that count such evidence could not be given unless the character of the woman had first been assailed by the defense. The people, for the purpose of sustaining the second count, sought to give evidence of the previous chaste character of the prosecutrix; and the question was put to a witness, "what was her character for chastity?" This was objected to on the part of the plaintiff in error. The court ruled that the district attorney might ask the question, if the witness knew her general *reputation* for chastity? The counsel for the plaintiffs in error objected; the court overruled the objection, and an exception was duly taken. The district attorney then asked the question in the form suggested by the court, and the witness testified, under further objection and exception, that it was very good. Another witness was called, to whom the question was put, "do you know what her reputation and character was for chastity while she lived with you?" Prisoner's counsel objected to the evidence as not competent. Objection overruled and the answer received. Prisoner's counsel excepted.

In the case of *Kenyon* v. *The People* (26 N. Y., 203) the prisoner was indicted under the act to punish seduction as a crime. (Chap. 111 of the Laws of 1848.) The language of that act is precisely the same as that of the act under consideration, to wit, "of previous chaste character." The prisoner's counsel offered to prove that the character of the prosecutrix for chastity was, by general reputation among her neighbors, bad, which was objected to on the part of the people, and the court excluded the evidence, and the prisoner's counsel excepted. The Court of Appeals held that the evidence was properly excluded, and that character, as the term is used in the statute under which the prisoner was convicted, could not be proved by reputation. The court say: "The statute is, any man who shall, under promise of marriage, seduce and have illicit connection with any unmarried female of previous chaste character, shall be guilty of a misdemeanor. Character, as here used, means actual personal virtue, and not reputation. The female must be

unmarried and chaste in fact when seduced. By the terms "chaste character" the legislature could only have meant personal qualities that made up the real character, and not public reputation, which is the estimate of character formed by the public. It could not have been intended to substitute reputation for character in this, its primary and true sense. The accused may, by proof of specific acts of lewdness on the part of the female, and not otherwise, show that she was in fact unchaste." In the case at bar the evidence on the part of the people to establish chaste character was, by the ruling of the court, directed exclusively to the question of reputation, and evidence tending to show actual character seems to have been excluded. The case of *Kenyon* v. *The People* is the leading one on this subject, and though to some extent in conflict with one or more cases in the inferior courts, yet it is in accordance with others of such cases. (*Carpenter* v. *People*, 8 Barb., 603 [607] ; *People* v. *Gray*, 1 Parker's Cr. Rep., 308.) These cases appear to be directly decisive of the question, because it is impossible to suppose that the courts intended to hold that evidence of reputation of previous chaste character is competent for the people, and that evidence of previous unchaste character is not competent for the prisoner. The rule must be the same in respect to previous chaste character, as it affects both sides of the question.

It is clearly established that the people cannot offer evidence of the reputation of witnesses produced by them, for the purpose of corroborating or strengthening their testimony, unless the defense shall first have attacked their character. (*People* v. *Hulse*, 3 Hill, 309, and cases there cited.)

The evidence offered was, therefore, very clearly incompetent under the first count of the indictment, and if the prisoner had been on trial for the offense charged in that count, the evidence would doubtless have been excluded. But it is insisted that the prisoners, having been convicted on the first count only, they could not have been prejudiced by this evidence, which related entirely to the offense charged in the second count. The rule undoubtedly is, as laid down in *Coleman* v. *The People* (58 N. Y., 555), that when a fact is conclusively proved by competent evidence so that the court could say that no prejudice or injury could possibly have resulted from the admission of incompetent evidence to prove the same fact,

its admission will not be cause for interfering with the result or reversing the judgment. (*Williams* v. *Fitch*, 18 N. Y., 546; *People* v. *White*, 14 Wend., 211; *Erban* v. *Lorillard*, 19 N. Y., 299.) "The error must be shown conclusively to be innoxious." (*Vandevoort* v. *Gould*, 36 N. Y., 639; *People* v. *Fernandes*, 35 id., 49.) The error-book in this case fails to show that any charge was given by the court to the jury; but enough appears, we think, to show that the case was submitted to them upon all the evidence, for the jury to find a verdict under either count, the court having failed to direct an acquittal on either count, or to require the district attorney to elect on which count he would claim a conviction, after the testimony was all in. The case shows that after these motions were passed upon, the prisoner's counsel and the district attorney summed up the case, after which the people were allowed to put in some further evidence, and then the case states that the jury rendered a verdict of guilty under the first count of the indictment. We do not see how it is possible to say that the jury in coming to their verdict were not affected by the incompetent testimony touching the reputation of the prosecutrix, which has already been considered; and we cannot state in what degree it may have affected their minds in giving credit to her testimony upon the question of forcible taking against her will, and of the defilement by force, menace and duress. Upon these questions hers was the only direct testimony. She was corroborated by some circumstantial evidence, but by no direct evidence of the actual occurrence. She was contradicted by the two prisoners called by the defense, whose evidence was in direct conflict with her own in respect to the facts sworn to by her, and it is not improbable that the evidence of the reputation of previous chaste character, given on the part of the people, may have turned the scale against the prisoners. The court said, in *Coleman* v. *The People*, above cited: "It is not enough that the court sitting in review of the judgment may be of the opinion that the result ought and probably would have been the same if the objectionable evidence had been excluded, and especially ought not such a presumption avail to cure an error upon a criminal trial."

We are, therefore, constrained by the rule laid down in that case to hold that the error in admitting this evidence was a fatal one.

We refrain from discussing the question whether the counts of the

indictment were properly joined. The better course, undoubtedly, would have been to have directed the district attorney to elect at the close of the case upon which count he would ask a conviction. But it is not necessary to pass upon the question whether the refusal so to direct was error.

The judgment and conviction must be reversed and a new trial granted.

BRADY and DANIELS, JJ., concurred.

Judgment and conviction reversed; new trial granted.