ANDREW W. PONTIUS, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Evidence to prove the intent is admissible, though it show the accused to have been guilty of another offense—comparison of handwritings, when admissible—what evidence admissible, to discredit the testimony of the accused.*

Upon the trial of the plaintiff in error for an assault alleged to have been committed upon one John G. Hoster, with a deadly weapon, with an intent to kill him, the prosecution was allowed, against the objection and exception of the plaintiff in error, to show that he had, shortly before the alleged assault, forged the name of the said Hoster to two promissory notes, which notes he had in his possession up to the time of committing the assault.

*Held*, that the evidence was properly received.

That it tended to establish a motive for the commission of the offense, and was not rendered inadmissible by the fact that it also tended to show the commission of a distinct offense other than that charged in the indictment.

The prosecution put in evidence, without objection, a promissory note, bearing the genuine indorsement of the said Hoster, and also an account book, kept by the plaintiff in error, in which he had written the said Hoster's name. Subsequently witnesses called by the prosecution were allowed to compare

the signatures alleged to have been forged with the genuine signature and the one written in the account book.

*Held*, no error.

The plaintiff in error claimed that the notes were given to him by Hoster in consideration of an indebtedness due to him for borrowed money, exceeding in amount that of the two notes.

*Held*, that evidence tending to show that the defendant was at that time embarrassed in his pecuniary circumstances, and pressed by numerous creditors whom he was unable to pay, was admissible, as tending to show that he then had no money to lend.

CERTIORARI to the Court of Sessions of the county of Seneca, to review the conviction of the plaintiff in error, in that court, of the crime of assault and battery upon John G. Hoster, with a deadly weapon, with intent to kill.

*John B. Murray*, for the plaintiff in error; *Burton & Herron*, of counsel.

*Patrick J. Rogers* (district attorney), for the defendant in error; *P. H. Van Anken*, of counsel.

SMITH, J. :

By way of showing a motive for the alleged offense, the prosecuting attorney offered evidence tending to show that the defendant had forged the name of Hoster to two promissory notes for $1,000, and $2,500, respectively, shortly before the alleged attempt to kill, which notes he had in his possession at the time when the offense was committed. The reception of this evidence is now urged as error, on the ground that it tended to prove an offense other than that charged in the indictment. That the desire to conceal the crime of forgery, if the defendant had perpetrated it, and to render the forged paper available, may have constituted a motive for attempting to put out of the way the man whose name was forged, is so probable, that the evidence cannot be said to be foreign to the issue; and it is well settled, that upon a trial for a felony, evidence tending to prove a motive for its commission is not inadmissible because it may incidentally show the accused to have been guilty of another offense. (*People* v. *Wood*, 3 Park. Cr., 681 ; *Stout* v. *People*, 4 Id., 71 ; *Pierson* v. *People*, 18 Hun,

239, affi'd in Ct. of App., January 13, 1880 ; *Coleman* v. *People*, 58 N. Y., 555.) The objection that the evidence tended to show a distinct offense other than that charged, was properly overruled For the like reason the defendant's motion to strike out the evidence referred to was properly denied. The defendant's offer, with which he accompanied the motion, to admit that in case the jury should find that he committed the assault and battery on Hoster, he intended to kill him, did not alter the case. The public prosecutor was under no obligation to accept the proffered admission and waive the proof.

The district attorney put in evidence a promissory note on which was the genuine indorsement of the complainant. He also produced and proved an account-book of the defendant, in which the latter had written, among other things, the complainant's name, and the items of an account between the complainant and himself. The note and book were received without objection. Subsequently, witnesses called for the prosecution were allowed to compare the genuine indorsement of Hoster on the note with the two signatures alleged to have been forged, and to give an opinion, based on such comparison, as to the genuineness of the latter signature. This was not error. (*Miles* v. *Loomis*, 10 Hun, 372 ; *S. C.*, affi'd., 75 N. Y., 288.) Nor was it error to permit a comparison of the same signatures with the handwriting of the defendant in the account-book, and in the body of the $1,000 note, which he testified was written by him. It was within the discretion of the court to allow particular marks of resemblance or dissimilarity, as the case might be, between the several pieces of handwriting, to be pointed out to the jury, and to allow the jury to take into their hands the writings proved in the case, and examine and compare them.

Much evidence was given by the prosecution tending to show that the defendant was embarrassed in his pecuniary circumstances, being pressed by numerous debts, which he was unable to pay, with a view of showing that he had not money to lend. This testimony is now claimed by the prosecution to be pertinent, by reason of the testimony of the defendant, that Hoster was indebted to him for borrowed money to more than the amount of the alleged forged notes, at the time they bore date, and that the notes were given in

consideration of such indebtedness. We are inclined to think that testimony tending to show the inability of the defendant to lend money was competent upon the question whether the notes for $1,000 and $2,500 were genuine or forged. It has been held that the presumption of payment, arising from the lapse of time, may be resisted by showing the obligor's inability to pay; as his poverty, his insolvency, or a state approaching it. (1 Phil. Ev., 4 Am. ed., with C. & H. Notes, p. 677, note, and cases there cited; and see *Nicholls* v. *Van Valkenburgh*, 15 Hun, 230, and the cases there cited by TALCOTT, P. J., and his comments on the case of *Nicholson* v. *Waful*, 70 N. Y., 604.) Our conclusion on this point is not formed without some hesitation, but, on the whole, we think that, in view of the conflict of testimony between the defendant and the complainant, as to the genuineness of the notes, and of the version of the defendant as to the consideration of the notes, and the circumstances under which they were executed, testimony as to the pecuniary condition of the defendant was not irrelevant. Several items of this class of testimony were objected to, on other and special grounds, in addition to that of irrelevancy, but, on examining them, we find no merit in them, and they do not call for further comment.

The testimony of the witness Strong, as to the remark made by the defendant respecting the signature of Hoster on the note given to him by the witness, was competent. It occurred on the Saturday night preceding the Monday on which the alleged assault took place, and as a circumstance tending to show that the defendant was particularly attentive to the characteristics of Hoster's signature it was competent evidence.

It is claimed by the defendant's counsel that the prosecuting attorney was permitted, against the prisoner's objection and exception, to cross-examine the defendant as to irrelevant matters, and then to contradict his answers, thus elicited, by other witnesses. This claim has reference particularly to the testimony of Jacob Bachman in respect to the Deshler note, and the chattel mortgage purporting to have been given to the witness by the defendant. But neither Bachman nor the defendant professed to have any positive recollection as to the matter referred to, and there was really no substantial contradiction between them.

The complainant was permitted to testify, against objection, that he owned four hundred and fifty acres of land in Iowa. For aught that appears, the testimony was wholly irrelevant and was improperly received, but it is difficult to see how the admission of it harmed the defendant, and we think it does not furnish a ground for setting aside the conviction.

The testimony of the witness Green, in respect to the axe, tending to show that the defendant carried it in his sleigh for several days before the assault, and from which the jury might have inferred that he supposed he had it in his sleigh, and attempted to get hold of it, shortly before the assault was made, was competent upon the question of intent.

Some minor questions were raised by other exceptions, which are unimportant, and need no special remark. We have examined them all attentively and are of the opinion that they involve no error.

The rulings of the court below upon the motion in arrest of judgment and the motion for a new trial are not before us for review. They are not brought up by the certiorari. That brings up only exceptions taken at the trial. (2 R. S., 736, § 21; *Willis* v. *People*, 32 N. Y., 722; *Gaffney* v. *People*, 50 Id., 425; *Brotherton* v. *People*, 75 Id., 159.)

The conviction should be affirmed and the proceedings remitted to the Seneca County Sessions, with instructions to proceed to sentence.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.