Boardman, J.
The defendant was convicted of the crime of rape. Upon the trial the complainant was allowed to testify under objection to its competency that on another occasin, some four days prior to the offence charged in the indictment, the defendant made an assault upon her with intent to ravish.
The admission of such evidence is now urged as error for which this conviction and judgment should be reversed. ' Its admission is attempted to be justified upon the theory that it was competent to show defendant’s purpose and motive in the act *133 complained of. But the purpose and motive of the defendant in the crime charged if proved, was not the subject of doubt. The evidence admitted tended to establish another and different crime from that charged in the indictment. From such evidence, if believed, the jury would more readily infer the defendant’s guilt of the offense for which he was tried. In any event such evidence was likely to prejudice the jury seriously and strengthen the chances of a conviction. We are of the opinion that the evidence of another crime on a former occasion was not competent evidence against the defendant upon this trial, and that the admission of such evidence was an error fatal to the conviction. Such seems to be the rule of law in. this State under numerous authorities. In Coleman v. People, 55 N. Y., 81, the court says :
“ The general rule is against receiving evidence of another offense. A person cannot be convicted of one offense upon proof that he committed another, however persuasive in a moral point of view such evidence may be.” In Copperman v. People 56 N. Y., 591, Chief Judge Church says, “ It is a general rule and one that should be strictly observed, that it is incompetent upon the trial for one offense to prove that the accused has commited another not connected with it. Nor can particular acts of criminality or immorality not connected with the facts constituting the crime for which the accused is being tried, be thrown into the scale against him to prejudice the jury or create a probability of his guilt.” To the same effect are People v. Crapo, 76 N. Y., 291; People v. Kennedy, 32 N. Y., 141; Camcross v. People, 17 W. Dig. 383; Roscoe, Crim. Ev., 88 and 810. People v. Gibbs, 93 N. Y., 470-473; Rosenzweig v. People, 6 Lansing, 462.
Stephens in his Law of Evidence gives the rule in Article 10, p. 15, and by way of illustration: “ (a) The question is whether A. committed a crime. (b) The fact that he formerly commited another crime of the same sort and had a tendency to commit such crimes is irrelevant.”
There are exceptions to the general rule which are pointed out in the authorities cited, one is when guilty knowledge is an ingredient of the crime, as in cases for passing counterfeit money or receiving stolen property. Another is the case of obtaining property by fraud and false pretenses. In sueh cases evidence of other transactions of a like nature indicating guilty knowledge or criminal intent is admissible. But in the case of an actual rape these elements are wholly wanting.
Many cases are cited from the reports of other States where a different rule seems to have been laid down, but in many instances the prosecutions were for adultery or illicit intercourse in which the rule might well differ from that held by our courts,, in ordinary cases of crime. In a few other cases the authority *134 is directly in point. But we must follow the adjudications of our own courts, and we have found none, nor are any cited by the learned district attorney, which sustain, the ruling upon the trial.
This,exce¡3tion is fatal to the conviction and we do not deem it necessary to consider the various other points presented by the appellant.
The judgment and order appealed from must be reversed and a new trial granted.
HardiN and Follett, JJ., concur in result.