THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE E. McCLURE, Appellant.

*Receiving stolen goods — similar acts may be shown to prove scienter — limitations of this rule.*

Upon the trial of a person indicted for the crime of receiving stolen goods, consisting of tobacco in various forms, which had been stolen from a railroad car, it appeared that at the same time and from the same railroad car there had been stolen dry goods and merchandise consigned to other persons; the court, over the defendant's objection, admitted evidence to show the theft of the dry goods and merchandise, and that various portions of these had been found in the defendant's possession. The People gave no evidence showing that the dry goods and merchandise were received by the defendant at the same time with the tobacco, nor from the same person from whom he received the tobacco, and there was no evidence connecting the person from whom the defendant received the tobacco with the person from whom he received the dry goods and merchandise.

*Held,* that the testimony was inadmissible; that while proof of other acts of a similar character, although they involve substantive crimes, may be given in evidence upon a trial to prove *scienter,* there must be some connection in time, place, circumstances, or in the person from whom the other articles were received, tending to connect the crimes; so that, if the defendant knew that one article was stolen, there would be a natural inference that he knew that the other articles were also stolen.

APPEAL by the defendant, Eugene E. McClure, from a judgment of the Court of Sessions of Rensselaer county on the 11th day of September, 1894, rendered upon the verdict of a jury convicting the defendant of the crime of receiving stolen goods.

*Calvin E. Keach,* for the appellant.

*John P. Kelly, District Attorney,* for the respondent.

HERRICK, J. :

The defendant was indicted for the crime of receiving stolen goods. The goods alleged to have been stolen and received by him consisted of cigars, cigarettes and various packages of tobacco. The goods so received by him had, as it appeared upon the trial, been taken from a freight car of the Delaware and Hudson Canal Company; at the same time various articles of dry goods and merchandise, consigned to persons other than those to whom the cigars, cigarettes and tobacco were consigned, were taken from the same car.

Evidence was received upon the trial of the stealing of such dry goods and merchandise from the car, and of the finding of various portions of them in the possession of the defendant.

There was no evidence upon the part of the People that the dry goods and merchandise were received by the defendant at the same time, or from the same person, at and from whom he received the cigars, cigarettes and tobacco; there is evidence upon the part of the defendant that he received them from a different person at a different time. There is no evidence of any connection having existed between the person from whom he received the cigars, cigarettes and tobacco and the person from whom he received the dry goods and merchandise.

Upon the trial the defendant objected and excepted to the reception of evidence showing the larceny from the cars of the Delaware and Hudson Canal Company of other property than that mentioned in the indictment, and to evidence of such property having been found in his possession.

In cases of this kind proof of other acts of a like character, although involving substantive crimes, may be given in evidence to prove the *scienter.* (*Coleman* v. *The People,* 55 N. Y. 81; *Coleman* v. *The People,* 58 id. 555; *People* v. *Gibbs,* 93 id. 470–473.)

The leading case upon this kind of evidence is that of *Coleman* v. *The People* (55 N. Y. 81), and in discussing the cases of *King* v. *Dunn* (1 Moody's Crown Cases, 146) and *Rex* v. *Davis,* the cases upon which the decision of the *Coleman* case was based, the court

said of the reported decision of the *Dunn* case : " The report says : ' As all the property had been stolen from the same persons and had all been brought to her by the prisoner, Dunn, the learned judge thought it was admissible and proper to be left to the jury as an ingredient to make out the guilty knowledge.'

" In *Rex* v. *Davis* (6 Carr. & Payne, 177) the same facts existed. The articles were all stolen from the same person and delivered to the receiver by the same thief, though at different times, and the same ruling was made. It is unnecessary to say that *all these qualifications must exist ;* but to warrant the introduction of such evidence there must be such a connection of circumstances as that a natural inference may be drawn that if the prisoner knew one article was stolen he would also be chargeable with knowledge that another was."

In the same case, when it was again before the Court of Appeals (58 N. Y. 560), the court stated that " the principal limitation of the rule is that the criminal act which is sought to be given in evidence must be necessarily connected with that which is the subject of the prosecution."

There must be some connection of time and place so as to furnish a clue to the motive on the part of the accused.

Evidence that the defendant has received other stolen property than that mentioned in the indictment does not of itself, standing alone, prove guilty knowledge.

In *Copperman* v. *The People* (56 N. Y. 591) the court said : " In the *Coleman* case, recently decided by this court, it was intended to lay down a strict rule upon this subject, but the principle was recognized that such evidence may be admissible.

" In the *Oddys* case (2 Denison C. C. 272), cited by the counsel for the accused, the offer was to prove that the prisoner had other stolen property in his possession. This was clearly incompetent for the reason stated by CAMPBELL, Ch. J., that ' it would not be direct evidence of the particular fact in issue, viz., that at the time of his receiving specific articles he knew them to be stolen.' Nor would it legitimately tend to prove that the accused knew that an article received of one person to-day was stolen by showing that on some other occasion he received another article from another person, not connected with the first, knowing it to have been stolen. Such evidence only tends to create vague and uncertain probabilities."

Thus it will be seen that while evidence of the receipt of stolen goods, other than those mentioned in the indictment upon which the defendant is being tried, may be received in evidence, yet there are certain limitations upon the rule.

When received the evidence is for the purpose of establishing guilty knowledge, and there must be some connection in time, place, circumstances, or in the person from whom they were received, tending to connect the two crimes together, so that if he knew that one article was stolen the natural inference would be that he must have known that the others were also stolen.

In the case before us there does not seem to have been any such connection. There was no evidence, as I have before stated, that the dry goods and merchandise were received from the same person as were the articles mentioned in the indictment, or that they were received at the same time; on the contrary, all the evidence that there is in the case shows that they were received at a different time and from a different person. The goods were unlike in character; the only connection between the two classes of goods is the fact that they were stolen from the same car, and apparently at the same time.

The circumstances under which one class of goods were received by the defendant throws no light upon the circumstances under which the others were received; he may have received each with guilty knowledge; but there is nothing from which guilty knowledge in the one case leads to the inference that there was guilty knowledge in the other.

I think, therefore, that there was error in the reception of the evidence relating to the theft of the dry goods and merchandise, and the evidence of their being found in the defendant's possession, and that for such error the judgment should be reversed and a new trial granted.

PUTNAM, J., concurred.

MAYHAM, P. J.:

I concur. It was error for the People to prove that the defendant received other stolen goods at another time from other persons. (*Coleman* v. *People*, 55 N. Y. 81.)

Judgment of conviction reversed and a new trial granted.