## PEOPLE v. DOTY.

(Supreme Court, Appellate Division, Fourth Department.   May 13, 1902.)

1. RECEIVING STOLEN PROPERTY—EVIDENCE—SUFFICIENCY.

On a prosecution for receiving stolen property, the evidence showed that defendant, who dealt in hides, bought of four boys, all under 14 years old, a Texas hide taken from a cow the summer before.   It was easily distinguished from a hide taken from a cow in that vicinity. The value of the hide was 11 cents per pound, and he paid the boys 6 for it.   One of the boys told him it was a hide taken from a cow by his father.   The boys asked for change, so that they could divide the money.   *Held*, that it was for the jury to determine whether the defendant believed the boys got the hide honestly or had stolen it.

2. SAME—FINDING.

The jury was justified in finding that the defendant knew that the hide was stolen property when he received it.

3. SAME—FORMER TRANSACTION.

On a prosecution for receiving a stolen cowhide from four boys all under 14, evidence that the defendant had bought of the same boys another stolen hide a few days before, and had told them at that time that he would buy all they could bring, was competent to show knowledge by the defendant that the hide was stolen property.

Appeal from Cattaraugus county court.

Charles A. Doty was convicted of the crime of receiving stolen property, and appeals.   Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, and DAVY, JJ.

J. S. Whipple, for appellant.

George W. Cole, Dist. Atty., for the People.

WILLIAMS, J.   The judgment appealed from should be affirmed. The indictment charged that the defendant, on December 6, 1900, at Salamanca, bought and received from Louis Torge, Jr., a cowhide, of the value of $6, which had been stolen from the United States Leather Company's tannery to the knowledge of the defendant.   The appeal really involves but two questions:  (1) Whether there was sufficient evidence to authorize a finding by the jury that defendant had knowledge that the hide was stolen property; (2) whether evidence was properly admitted as to another receipt of stolen property from the same persons from whom he received the hide in question. On the occasion alleged in the indictment, four boys—Torge, Neugart, Osler, and Delong—went to defendant's place of business between 3 and 4 o'clock in the afternoon, and asked him if he wanted to buy any hides.   Defendant said he would buy all they would bring at six cents per pound.   The boys then went and stole the hide, and brought it to defendant, and he received it, and paid them for it. The defendant was not sworn as a witness.   He kept a harness shop, and bought and sold hides.   The boys were attending school.   Torge was 14 years old, Delong 13 years old, Neugart 13 years old, Osler 14 years old.   Torge was son of a hotel keeper, Delong was son of a switchman, Neugart was son of a carpenter, and Osler the son of a man working in a livery stable.   The hide was one of a kind known

as "Texas hides," taken from the cow the summer before, and was readily distinguished from a hide recently taken from a cow in the locality of Salamanca; .was done up in a shape well known to dealers, and different from those taken from cows in the locality of Salamanca. Many Texas hides were brought to Salamanca. The hide in question was taken from the bag by defendant and examined by him at the time he received it, and the tail was removed. One of the boys told defendant that the hide was removed from a cow by his father, but defendant must have known it was not a local hide, but a Texas hide. The value of the hide was 11 cents per pound, but the defendant paid only 6 cents for it. A few days before this these same four boys stole another hide from the tannery of the Fisher Tannery Company, near the United States Leather Company's tannery,—a green hide,—and sold it to defendant, and at that time defendant told the boys that he would buy all they could bring at six cents per pound. The boys at the time of the purchase in question asked defendant to give them change, so they could divide the money between them. Under these circumstances it was clearly a question for the jury whether the defendant received· the hide really believing the boys came honestly by it, and had a right to make the sale, or whether he understood and believed it to have been 'stolen. The jury was justified in drawing the conclusion that the defendant knew the hide was stolen property when he received it. The evidence of the former transaction between the boys and the defendant as to the hide stolen from the tannery of the Fisher Tannery Company and sold to the defendant, and what was said by him at that time as to buying all they could bring him, was competent as bearing upon the guilty knowledge of the defendant in receiving the hide in question. It tended to show that the defendant placed no reliance upon the statement made by one of the boys that his father took the hide from a cow, and that they were selling it for the father, and to show guilty knowledge on his part. This evidence was competent and proper within the rules laid down in the Coleman Case, reported in 55 N. Y. 81, and 58 N. Y. 555, and in the Copperman Case, reported in 56 N. Y. 591.

The judgment should be affirmed, and the case remitted to the county court of Cattaraugus county, pursuant to sections 546–548, Code Cr. Proc. All concur.